The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Thomas M. Harris presiding. Good morning, counsel. This is case number 4-23-1465, the people of the State of Illinois versus $33,260 in United States Currency. Before we begin argument, I'd like to have appearances from counsel, first for the appellant. David Manchin with the Appellate Prosecutor's Office on behalf of this argument on behalf of the state. And for Appellate.  Good morning, Your Honor. Don Sullivan on behalf of the U.S. Currency by the claimant, Wei Xiong. All right, Mr. Manchin, you may proceed with your argument. This case involves a directed verdict in a forfeiture proceeding where the court improperly directed a verdict in favor of the claimant. The standard in forfeiture proceedings as a state has to prove a nexus or probability of a nexus or link between the property and the illegal activity. Substantial connection between the currency and the legal activity is not required. With a directed verdict, there's a two-stage process. The first stage is, has the state produced at least some evidence on every element of the cause? And if that is done, considering the totality evidence, has the pre-mifacia case survived? In this case, it was directed to verdict at the first stage only. And I submit that the trial court erred in that decision. The standard review is de novo. In this case, the trial court said, I have the cash, I have the smell of cannabis, and that is not enough. I submit that that is incorrect. There was much more than just the smell of cannabis. We have the smell of cannabis has been found to be sufficient to establish probable cause for a search of a vehicle. If it's probable cause for search of a vehicle, I would submit it's also probable cause to establish a link between the money found in that vehicle and the illegal activity. Counsel, I have a question for you. Yes. In the event we were to agree that the trial court erred by concluding that a prima facie case wasn't established by the state, then what? Then it goes back to the second stage hearing, where the defendant gets to present, or the claimant gets to present his explanation for the possession of the cash. And where the state, where the court then makes an accreditability determination regarding all the various evidence presented. Well, my question is this. It sounded to me like all the evidence anyone had to present in this case was already presented, wasn't it? It was the motion was granted at the end of the state's case. So yes, in effect, the state's case has been presented. But if I submit that the state's evidence did establish the prima facie case to get it past that stage of the proceedings. Well, let's assume for the moment that the trial court said, I think the state has established the prima facie case at the time when it said otherwise. But let's assume that's what it said. What should have then happened? What would the proceedings have then been? The proceedings would have then been to proceed to allow the defendant to present his explanation for the possession of the cash to rebut the inference that the cash was linked or related to drug dealings. At the point where the state rested, the defense hadn't presented any evidence it might have available at that point. But let's assume that the defense thought, well, you know, I don't think the state's presented enough. And the defendant says, in effect, judge, there's a prima facie case established here, but that's not enough to prevail. And what is, once you get beyond the prima facie case, this is a peculiar statutory framework. What is then the situation? Who has the burden and how is it supposed to resolve itself? The way it usually works is the prima facie case is established, and then the defendant has the burden of rebutting that prima facie case by presenting evidence that his possession of the cash or his use of the car or the house or whatever either did not facilitate the drug transaction or was not linked to the drug transaction because he had a legitimate reason or explanation for that cash. Let me ask this. Again, this is a peculiar procedure. Assuming that the court finds a prima facie case based on the evidence you presented. And let's assume the defendant first scenario presents no evidence at all. And simply argues, well, judge, that may be sufficient to establish a prima facie case. But you're now the trier effect or weighing the state's evidence. And we don't have to and we don't wish to present any evidence because the state's case isn't enough. Is that a feasible sort of argument they could have made? Or are they required to actually present some affirmative evidence at this point to show that they have a process? As I read the cases and the statutes, the procedure is once the prima facie case is established, the court has the. If the defendant doesn't present any further evidence, the forfeiture is over. Yes. If there's no further evidence presented after a prima facie case has been established, you win. Under these particular statutes, the way they've been interpreted by the court, yes. Because the way I read the statute and all the cases that have applied it. The general thing is that the state has established the prima facie case. And the defendant presents his explanation that the cash was. Well, like the one case, it was from selling tires. That's how we explain the cash. And the court said, no, that explanation is a reasonable forfeiture affirmed. So going back to my initial question, then, assuming we were to agree with your point that the trial court erred by finding no prima facie case has been shown, reversed and remanded for further proceedings. Those further proceedings in your position, your assessment of this, would require the respondent to put on some evidence to rebut your prima facie case or he loses. Is that right? Correct. Counsel, I just want to clarify, because I think you misspoke. It's not showing a prima facie case that shifts the burden to the defendant. It's demonstrating probable cause. Isn't that correct? Yes. So that's a little higher than just introducing something on all the elements of the case. The judge has to find the probable cause was found. Actually, that may have been my misspoken. Justice Daugherty and Mr. Manchin was kind enough not to correct me, but he should have. Regardless, the evidence here was sufficient to establish probable cause. The court said we had the money and we had the smell and that's it. It's not just that. The evidence here is sufficient to establish probable cause. The next item on the agenda is item 720. ILCS 529B2 says proof that property is possessed or transported in a fashion inconsistent with ordinary or unusual means is evidence of money laundering or criminally derived property. What we have here is $33,000 plus in a number of foil-wrapped packages that are vacuum-sealed and are tied together, which the evidence showed is typical how money is carried in drug transactions. Counsel, I do want to ask you about that. Is that typical of how large amounts of cash are carried in drug transactions? Or is that typical of how large amounts of cash are carried? In other words, if this was from an innocent source and it was this amount of money, would I be surprised to think it's $100 bills or that they were rubber-banded rather than thrown in a bag? Well, we have not just the rubber bands. We have them wrapped in foil, then vacuum-sealed. And I don't think that there are very many people, ordinary people, not involved in the drug trade that carry $33,000 on a cross-country trip in vacuum-sealed aluminum foil packages. In fact, in a number of the cases that I cite in my brief, the courts focus on the amount of the money and the way it's packaged as establishing a link or a nexus between drug trafficking and the cash. Mr. Vanson, it seems that the evidence that was presented by way of Sergeant Moore of the Illinois State Police is that that manner of packaging, wrapping the cash in foil, was typical of drug trafficking. Is that right? Correct. There was that testimony. Does the trial court address the packaging, Counsel? The only thing the trial court says, we have the money and we have the smell. That's not enough. He did not make any other specific findings regarding anything. Well, he talked about the fruit. He talked about the gun. Correct? He said that he wasn't going to consider the gun because only one officer had—was not going to consider the fruit, excuse me. Right. Was not going to consider the fruit because only one officer mentioned that. But at the initial stage of establishing probable cause, the court is not to make probable cause determinations. And the other officers—  Not required to make credibility determinations. Well, on the prima facie case, perhaps, but the judge can make credibility determinations in assessing probable cause, can he not? Well, the fact that only one officer mentions it does not mean that it can be ignored because the other officers did not dispute that fact, that smelly fruit is used to try to camouflage drugs. Well, I think you are— It's also a de novo—at this stage, it's a de novo review, so you do not have any defers to the trial court's findings as far as that goes. Mr. Manchin? Go ahead. I was just going to say, if we disagreed and thought that this was at the second stage of a motion for directive finding, that is reviewed under manifest weight. And if we felt it was under manifest weight, would you concede that there's no basis for reversal? No, I would not. I would think that even under the manifest weight, the trial court's order was improper. The defendant has never—or the claimant, excuse me, has never contested the fact that this was decided at the first stage and that it was—went to the full second stage of the motion for directive verdict. The evidence here, under either the probable cause de novo standard or under the manifest weight of the evidence, I think is sufficient to establish the link or nexus between the cash and the—and drug trafficking or illegal activity, given not just the manner of packaging, the amount of money, the—what was the other—the reports of his traffic, where he was traveling. The—his itinerary between Colorado, Las Vegas, California was testified to be consistent with the pattern of people going out west to pick up cannabis and bring it back because it was more readily available. So if a member of this panel perhaps takes frequent trips to Colorado, should that individual be concerned about an inference of drug trafficking? Well, that is just one of the factors. If you're also carrying large sums of money in a car that smells like cannabis, you have something to worry. Yes, Your Honor, but if it's just multiple trips to California, no. It's—it's a totality. The testimony was that the possession of the $33,000 was consistent with somebody who had already sold the drugs, and as the cases I cite in my briefs indicate, the fact that no drugs were found is not in itself dispositive. Just like you can have a murder conviction without a body, I think you can have a forfeiture proceedings where you can forfeit the cash without the drugs being present at the time the cash is found, based on all other evidence that indicates that the cash is in fact involved in drug trafficking. You have the money, the strong odor of cannabis in the car, where the defendant claims that there was never any cannabis in the car and nobody ever smoked cannabis in the car, again raises questions as far as the connection between it. You have the fact that the defendant initially denied that there was any cash in the car, again adding to the probable cause. Then the explanation he gives that it was repayment from a loan from a cousin, and I forget where—I forget off the top of my head where the cousin was located as to where he got it and why he was driving California, Iowa, Vegas, Illinois with $32,000 in the car. John, so I have a question for you. You are claiming that the respondent has forfeited any argument about the sufficiency of the state's complaint for forfeiture of the money because nothing was raised about that prior to the hearing, is that correct? That's correct. Was it raised at the hearing itself? No, there was never any claim that the complaint was insufficient. Now, this is, as I mentioned earlier, a strange statutory procedure, and I guess under the Civil Practice Act and a normal civil proceeding, if a plaintiff files a complaint and the defendant files an answer and things then proceed ultimately even to trial, the defendant would have been held to have forfeited any claim about deficiencies in the plaintiff's complaint. But does the same thing apply here and shouldn't apply here? I believe so, yes, Your Honor. The purpose of challenging a complaint at the trial court is to allow the state to refile or to correct any deficiencies that are in there. Bringing it up for the first time on appeal is just too darn late. Because what other evidence could the state present without presenting its entire case in the complaint to establish that the complaint is sufficient? There's never been any requirement that the state put out its entire, every single fact, every single inference, everything. Well, counterclaim, if I understand correctly, if I understand correctly, the respondent is complaining that you don't identify the crime allegedly committed. Well, I think when you refer to the cannabis, that's sufficient to indicate that the drug trafficking or drug dealing is cannabis rather than cocaine or any other drug. And again, the contemporary complaint would have allowed the court to determine whether it was sufficient and allowed further pleadings to, okay, what is exactly missing here? And I think that the complaint here would have been sufficient to support a motion to dismiss the complaint, given the amount of facts that were pleaded. The state is not required to state its entire case, which is what defendant seems complainant, the claimant seems to be contending. I apologize for continuing to use defendant because that's what we're usually dealing with. So, if he had a problem with the sufficiency of the complaint, the time to make it was in the trial court, not here. I see that my time is out, so if there's no further questions. Thank you, Your Honor. All right. Thank you, Mr. Manson. Mr. Sullivan, you may proceed with your argument. Thank you, Your Honor. First of all, I'd like to thank counsel and court, but counsel was extremely courteous and generous to allow me to stumble into court today, having made several mistakes. I would concur with the representations made by counsel and his rendition of what the law is regarding the cases that brought us here. We were talking about the standard of proof, the other procedures that should be followed. He was kind enough to not call it a directed verdict. The courts have made distinctions on that regard, but up to this point, for the most part, I concur with his rendition of the law and has not confused that particular matter. Mr. Sullivan, in that regard, in terms of what the law is, it's my memory from reading your brief that you indicate that there needed to be evidence of the existence of marijuana in the vehicle. And Mr. Manson, if I understand his argument correctly, indicates that you do not need to have the physical presence at the time of the seizure of the cash of cannabis in the vehicle. Do you agree with him? Okay, that wasn't my argument, but if that's the argument that he's producing, we don't say that you actually have to have the drugs itself. What you have to have is evidence of some crime, and those are five crimes enumerated in the statute. And looking at the record in the preliminary matter, there were five crimes noted in the probable cause statement. Now, this matter went to a probable cause hearing, but that record was not provided. But we moved on to having the hearing, and at the onset, and in counsel's brief, they alleged four crimes and never told us where, when, why, how, who was involved, or any of the other specifics as to those other four crimes. I brought that up as not adequate in terms of both pleading and in proof. And then in the reply brief, counsel said, oh, no, this is all just evidence of a drug sale. And the reason we don't have the drugs is because they've already been sold. So the reason we brought in the question as to the pleadings, and counsel's quite right, the plaintiff, I'm sorry, the defendant does have to object at the time. But what we were concerned about is having not objected, then is the plaintiff allowed to proceed with its case only proving and alleging two elements of the cause of action. The cause of action for forfeiture is three elements. There has to be property, either money or a car or something like that. There has to be a crime, and there has to be a connection. Now, there's plenty of evidence as to the money, it's there to be seen and counted. And there's plenty of connective tissue. But there has been no evidence whatsoever of any crime at all. So, if... In the case, counsel, why is it enough that you have the facts present in this case? And if we're talking about what crime might that be, we have multiple officers testifying about, I think it varies from strong to the overwhelming odor of cannabis. Why should that be something we ignore? And in fact, if the cannabis in large quantity, $30,000 worth had been present and sold, that's what accounts for the money. Then we're not going to have any cannabis left, but we would have its residue, so to speak, a strong odor. The judge didn't make any statements about how this testimony was not believable. To establish a primary facing case, probable cause, why isn't that sufficient? Well, that gets into the question as to how the term probable cause is applied in this kind of civil case. And your prior observation that this is an unusual circumstance or rendition of the law is well taken. And frankly, I think both counsel and I struggled with this. The statute, of course, is civil, and it sets up in great detail what the state has, what the elements are, what the state has to plead and prove. And the statute also, or the case law, establishes that the state has to only present what would be probable cause as the standard of proof in the prima facie case. However, having done that, and if that's allowed to go forward, then the claimant has the opportunity to present its side of the case and respond and has the obligation of refuting it by a preponderance of the evidence. By the way, pausing right there, counsel, would you agree with me, the questions I asked earlier, that the issue before us is whether the trial court properly determined that the state had not established a primary facing case. And if we were to agree with the state that appeal that the court erred in that, then we'd go back and there would be now the further proceedings in which you would have the opportunity to proceed as you've just now indicated to demonstrate that the money had some innocent purpose. I guess you're burdened for establishing that the money had an innocent purpose or wasn't connected to criminal behavior. Would that be the sequence of events as you understand it? Absolutely. I think you put your thumb right on the particular issue. And what makes it difficult is that there seems to be a gap. There seems to be a gap between the standard that the state has to proceed with, and that being probable cause, and the level that the defendant, I'm sorry, the claimant would have if responding, and there seems to be some space in between the two positions. I don't know how that gets filled in. I don't know that that's ever been addressed. I didn't ever see anything in any of the cases that described that particular problem of the levels of the proof. And I think the use of the term probable cause as a standard proof is, well, problematic. Well, the standard of proof is the same. It's by preponderance of the evidence. That's the state's standard of proof, and that's the claimant's standard of proof. Is that right? Well, I wish I could agree with that. I think, and what counsel has argued all along, is that the state does not have to go forward to the level of proof as by a preponderance that the state's only obligation is to present evidence that meets the level of probable cause. I don't, I mean, we all understand that probable cause is a widely used standard in searches and seizures and arrests and things like that, but it's not used often to describe what would be the standard in a hearing. So that term is being used loosely, I guess. And I would think that certain court decisions would be appropriate to flesh out just exactly what the state's obligation is to go forward and to not only meet the primary patient case, but get over that to the point of by a preponderance. Well, these are statutory terms, are they not, counsel? Yes, they are. And I'm using the term that, as I understood it in the case law. Are these not, I mean, in the criminal setting, the probable cause finding creates other consequences that there may be probable cause for an arrest, search, to be held for trial. But here the consequence is simply a burden shift. So if there's a showing by the state of probable cause, there's a burden shift to the defendant, and that burden happens to have a higher burden of proof. I guess I don't see why that is problematic or that the fact that there's two different burdens when they operate at different times for different parties. I don't know why that's confusing or problematic. Well, I wish I could say I deal with the issue of probable cause on a usual basis in civil court. This is the first and only time where this has been presented in a civil case as being what the standard is for burden shifting. But that still doesn't answer the question as to what is the state's obligation level of proof to be established when it's proceeding with the forfeiture case. Counsel, can I interrupt you for a moment? According to the statute, and I believe this is accurate, but you can correct me if I'm wrong. At the first step of the two-step forfeiture process, the state has the burden to show the existence of probable cause for forfeiture of the property by a preponderance of the evidence. Do you agree or disagree with that? Well, I can't argue with the language of the statute. If that's what's understood, then I stand corrected and there is no problem. Well, okay. So, and that's obviously whatever the statute says it says. And then to satisfy the probable cause requirement, the state has to establish facts providing reasonable grounds for the belief that there exists a nexus between the property and the illegal drug activity supported by less than prima facie proof, but more than their suspicion. Probable cause in this context requires only a probability or substantial chance of the nexus and not an actual showing. And I'm quoting there from the Supreme Court decision 1945 North 31st Street. So, doesn't that lay out the state's burden? Yes, exactly. I fully concur and that was my understanding of what the Supreme Court said on the issue. I have no argument to suggest that the law is anything different than what you just reiterated. My problem is, is that the Supreme Court could have used the term preponderance of the evidence instead of substantial connection or whatever language that was just quoted to me. Mr. Sullivan, isn't it so that the legislature made some amendments to this statute to put greater burdens on the state in more recent years than the last five? I wish I had that more at my fingertips, but maybe Mr. Manchin can address it if you're unaware. I am unaware and I would concede the point if Mr. Manchin can address it. Counsel, I have a question for you about your argument that the state's forfeiture complaint was not sufficient. Correct. That you're using for the first time on appeal, but in fact, isn't it correct? Was the trial counsel in this case? I was not. Well, but isn't it correct that trial counsel for the respondent and the court and everyone understood what this was all about? It was about a claim that there was cannabis that was sold and the smell. I mean, maybe there was a technical deficiency at best, but there was no surprise here, was there? I concede that point entirely. There was no surprise. We all knew what was going on when we went in. The question is, is what crime were they going to allege and do they have to put evidence on that there was an actual crime? The fact is, is that they're pleading set out the roadmap, identify the elements, give everybody an opportunity to pull it off the checklist to see that there's evidence put as to each of the elements of the crime. It just happens that in both the probable cause statement and in the complaint, they listed nothing specific, no fact, no allegation that is fact based that would constitute a crime. Well, they alleged in the complaint that the cash that was found was used or intended to be used to commit a violation of the Cannabis Control Act. So are you saying that's too vague? Absolutely. That's just repeating what the statute says, or even a summary of the statute. That's not proper pleading in this jurisdiction, but that's not my issue with that. The issue is, is that we still don't have any knowledge of any transaction that would constitute the sale of cannabis. Counsel, let me ask you, it seems to me as Mr. Manchin pointed out, a particularly damaging piece of evidence for the respondent is the vacuum sealed cash. Pretend I'm the trial judge and I have to decide this matter. What argument are you going to make to me to establish any sort of innocent explanation for why someone is traveling with vacuum sealed $30,000 in cash? You can ask me, but I have never held $30,000. Well, when you're arguing the state has an established probable cause to believe there's a crime of facing case of violation here, it seems to me that the reason I asked, not a rhetorical question, I'm not aware of any legitimate innocent explanation for this. Other than as the expert testimony was, you're a drug dealer and you're trying to hide it. Why isn't that not only a reasonable inference, but essentially the only reasonable inference? I can't address the argument of the inferences on facts. We know that there was cash. We know that it was in a vacuum and was bound by rubber bands and that's it. I have no ability to address anything and I'm in no position to tell the court what Mr. Was explanation is. How do you suggest this court view the trial court's failure to mention in its findings the vacuum sealed cash, which strikes me as, as I just mentioned, the strongest evidence of drug dealing here? Well, it's, it raises the conjecture, it would be a leap to get from the cash to a sale. And I don't think that the court made a fatal error by not including the presence of the cash and the condition it was in, in its decision. It considered what was before it and said, Nope, that's not enough. And I don't, obviously this court is in a position where it can look at this de novo, but the standard on a probable cause is pretty vague. And it basically goes through the reasonable judge standard. So if we're going to substitute and say, no, Judge Reddington made a mistake that doesn't, well, doesn't speak well of what the evidence is went before him. So, maybe it was left out, maybe it was inadvertent, but it doesn't seem to me that he's wrong, and that his decision should be reversed. All right, and counsel, and to my colleagues, I cannot see the timer, so I don't know if you have any time left or not Mr Sullivan, are you able to do. I'll concede it. All right. Okay, thank you, Mr Sullivan, Mr Manson rebuttal argument. Claimants main contention is that there's no evidence of a crime. The only thing that is missing in this case is they didn't find the drugs in the car. That's the only evidence missing to establish crime here. The statute says that transporting property in a manner that's unusual is evidence of money laundering or criminally derived property. So, the statute itself establishes that this cash that is carried, this large amount of cash that is carried in a manner typical of drug dealers is itself evidence of criminal activity. What's the citation? That is 720-ILCS-5-29-B-2. It is referred to in my reply brief. Thank you. What we have here is a very strong order of cannabis, which has been found to establish probable cause for a search. If it establishes probable cause for a search, I submit it establishes probable cause to link the cash to cannabis trafficking. We have the defendant's denial that he had any cash and establishing a consciousness of guilt. We have the defendant's, the claimant's route of travel. We have the testimony that the possession of $33,000 was consistent with someone who has already sold the drugs. So, we do have a crime established. We have cannabis trafficking that has been established. Counselor, could you address, wasn't it in, I think, 2018, the legislature amended this statute and may have rendered inapplicable some of the older case law, pre-2018 case law, because they really changed the burdens of what has to be proven in order to shift to the claimant a burden of production and ultimately keeping a burden on the state to prove by a preponderance that the item is forfeitable. Well, I'm going to have to admit that I am unaware of the changes in the statute. I had not shepherdized the statute change to see if there's any changes between the earlier cases and the current law. I just cited the current law and the case law that has been applied to the forfeiture statute. So, I cannot say whether or not the amendments of the, any recent amendments could have overruled the prior decisions. So, I submit that the trial court was incorrect, because there is plenty of evidence here, not only of probable cause, but of establishing a crime. Isn't it for the trial court to decide what weight to give to the testimony and to the other evidence? For instance, there was some hearsay evidence, while admissible, it may affect its weight, right? That's correct, but the hearsay evidence was corroborated by the defendant's own statement to the police establishing where he was coming from and where he had traveled, which mirrored the information the police officers had been given as to the defendant's, to the claimant's itinerary and where he had traveled. That's a good argument to the trial court. What I'm trying to get at here is, why would we substitute our judgment as to how he weighed that evidence? Because of the status of this proceeding, where this is decided at the first stage on a motion for directed verdict, in which case the review is de novo. Well, only if it's decided as not having prima facie been proved. If the trial court was operating in the second stage, then we know that's a manifest weight standard. And I submit that the trial court here was operating in the first stage, and I think that even assuming this was at the second stage, the decision that there's no connection is against the manifest weight of the evidence. Given the amount of money, the way it's packaged, the fact it's packaged typical of drug dealers, the fact that I said my time up, but I'll finish my thought here. All the evidence established that basically the defendant, the claimant, met all the elements of the typical drug dealer, the typical drug profiler, and had $33,000 of cash in a car that smelled heavily of cannabis. The drugs themselves smelled of cannabis. The claimant's luggage smelled of cannabis, and I submit that the smell of cannabis, the amount and manner of packaging, and the case law is clear that the amount of cash in itself can provide the linkage between the cash and illegal drug trafficking. So I submit that the trial court's decision was incorrect and should be reversed by this court. All right. Thank you, Mr. Manchin. Thank you to you both. The case will be taken under advisement, and the court will issue a written decision.